IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR GUILLERMO BALLEZA, 37284-177, | § | |
| Petitioner, | § | |
| | § | 3:11-CV-1764-N |
| v. | § | 3:06-CR-192-N(15) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner pled guilty to one count of conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846, and one count of money laundering, in violation of 18 U.S.C. §§ 1956 and 1957. On February 2, 2009, the Court sentenced Petitioner to an aggregate 240-month prison sentence to be followed by a five-year term of supervised release. On July 27, 2010, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Balleza*, 613 F.3d 432 (5th Cir.) (per curiam), *cert. denied*, 131 S.Ct. 680 (2010).

On July 22, 2011, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance counsel when counsel: (1) failed to sufficiently object to
Page 1

the government's unconstitutional motive in refusing to file a third-level reduction of sentence for acceptance of responsibility; and (2) failed to investigate and present evidence showing that his prior convictions should have been counted under relevant conduct rather than criminal history.

On September 29, 2011, Respondent filed its answer. On October 13, 2011, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

**1.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. **Acceptance of Responsibility**

   Petitioner argues his counsel did not adequately argue that the government's denial of a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) violated his constitutional right to redress.

   The record shows that the PSR recommended that Petitioner receive a two-level reduction under USSG § 3E1.1(a) due to his acceptance of responsibility. The PSR concluded, however, that Petitioner was not eligible for a third-level reduction under § 3E1.1(b) because he did not waive his appellate rights. (PSR ¶ 31.) Defense counsel filed objections, arguing that Petitioner was entitled to the third-level reduction. (Def. Obj. at 2.) Petitioner also filed *pro se* objections, stating that the Due Process Clause "restrains a prosecutor from punishing a defendant for exercising a protected statutory or constitutional right." (Def. *Pro Se* Obj. at 38.) Petitioner now argues his counsel should have specifically objected that the government's refusal to file for a third-level reduction violated his right to redress.

   In *United States v. Newson*, 515 F.3d 374 (5th Cir. 2008), the Fifth Circuit determined that the government may properly decide not to move for a third-level reduction under § 3E1.1(b) because the defendant failed to waive his appeal rights. The Court found that the government's decision did not constitute an unconstitutional motive. *Id*. at 378-79.

   Petitioner states the petitioner in *Newson* argued that the government's decision violated the separation of powers doctrine, while his claim argues that the government's decision violated his constitutional right to redress. He therefore argues that *Newson* does not apply to bar his claim. Petitioner cites no authority for limiting *Newson* to claims involving the separation of powers doctrine, nor does he cite any authority for his claim that the government's action

violated his right to redress. He has failed to show that his counsel was constitutionally ineffective.

**2.     Criminal History Score**

Petitioner argues his counsel was ineffective because he failed to obtain the necessary evidence to show that the conduct underlying his prior convictions was actually relevant conduct that should not have counted toward his criminal history score.

The record shows that counsel objected to the PSR, and argued that Petitioner's prior offenses should be considered relevant conduct. (Def. Obj. 4-5.) Additionally, on direct appeal Petitioner argued that his two prior convictions should have counted as relevant conduct and not toward his criminal history score. The Fifth Circuit determined that the district court properly considered Petitioner's prior convictions as criminal history rather than relevant conduct. *Balleza*, 613 F.3d at 434. Petitioner has therefore failed to show his counsel's performance was deficient. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous objections).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 21st day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).